UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-CIV-LENARD/O'Sullivan

DORCY A. FARRELL,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
DR. YUSUF MAHOMEDY, DR. MARIA
FORERO, ZINHLE MSALI

     Defendants.

_____/

## DEFENDANT, DR. MAHOMEDY'S, LIMITED APPEARANCE FOR THE PURPOSE OF MOVING TO QUASH SERVICE OF PROCESS AND TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

The Defendant, Dr. Mahomedy, by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, Florida Rules of Civil Procedure and Florida Statutes, hereby makes this limited appearance and respectfully requests this Court enter an order quashing service of process and dismissing Plaintiff's Amended Complaint for lack of personal jurisdiction, and in support thereof states the following:

1.     On December 6, 2011, Plaintiff filed the instant action against Dr. Mahomedy, Drs. John Doe 1-2, Nurses Jane Doe 1-3 and Royal Caribbean Cruises, Ltd. (RCL).  [D.E. 1].

2.     Plaintiff subsequently filed an Amended Complaint on March 30, 2012, naming Dr. Maria Forero and Nurse Zinhle Msali as defendants as well.  [D.E. 20].

3.     The allegations of the Amended Complaint concern medical treatment provided by Dr. Mahomedy to Plaintiff on December 22, 2010 on RCL's *Jewel of the Seas*. [D.E. 20].

4.      All medical treatment rendered by Dr. Mahomedy occurred outside the State of Florida and outside Florida's territorial waters.  *See* Declaration of Dr. Mahomedy, attached hereto as Exhibit "A" at ¶ 20.

5.      Dr. Mahomedy is a citizen of South Africa with his permanent mailing address located in South Africa.  *Id.* at ¶¶ 3, 4.

6.      Plaintiff initially attempted to serve Dr. Mahomedy by serving his alleged agent, RCL's general counsel, Bradley Stein. [D.E. 3].  No Return of Service was ever filed.

7.      Plaintiff then attempted to serve Dr. Mahomedy by serving his alleged agent, Florida's Secretary of State pursuant to Fla. Stat. §48.181. [D.E. 14].  The Secretary of State accepted service for Dr. Mahomedy on December 20, 2011.  D.E. 14-1].

8.      Thereafter, on January 5, 2012, Plaintiff attempted to send a copy of the summons and complaint, as required by law, to Dr. Mahomedy by mailing a copy to Dr. Mahomedy's permanent address in South Africa. [D.E. 14-2].  Dr. Mahomedy never received of copy of same. *See* Exhibit A at ¶ 22.

9.      Plaintiff again attempted to serve Dr. Mahomedy by issuing a summons on behalf of his alleged agent, RCL, on March 30, 2012. [D.E. 21].   Attempted service was refused by RCL's litigation attorney, Randy Ginsberg, on April 3, 2012.  [D.E. 25-3].

10.     Pursuant to RCL's indemnity agreement with Dr. Mahomedy, RCL contacted undersigned counsel and requested that undersigned counsel represent Dr. Mahomedy in the instant matter.

11.     Dr. Mahomedy has been unaware of the subject lawsuit filed against him by Plaintiff. *See* Exhibit A at ¶ 23. Dr. Mahomedy only learned of Plaintiff's claims when undersigned counsel requested to speak with him to discuss Plaintiff's allegations. *Id.*

12.     Dr. Mahomedy is not licensed to practice medicine in the State of Florida.  *See* Exhibit A at ¶ 5.  Moreover, he has never rented or owned property in the State of Florida, has no telephone number or address in Florida, and has no insurance policies or insured interests in the State of Florida. *Id.* at ¶¶ 5-8.

13.     Dr. Mahomedy does not operate, conduct, engage in, or carry on a business or business venture in the State of Florida.  *Id.* at ¶ 9. Nor does he have an office or agency in the State of Florida. *Id.* at ¶ 10.

14.     Dr. Mahomedy has a bank account, through Bank of America, in Florida.  *Id.* at ¶ 15.

15.     Other than the bank account, Dr. Mahomedy's only contacts with the State of Florida have been either incidental to his work onboard cruise ships or personal in nature and occurring in between voyages.  *Id.* at ¶ 17.

### MEMORANDUM OF LAW

**I.     Service Must be Quashed as Plaintiff's Amended Complaint Fails to Plead a Basis for Jurisdiction Pursuant to Florida Statute §48.181**

Plaintiff has attempted to serve Dr. Mahomedy pursuant to Fed. R. Civ. P. 4(e) and Fla. Stat. §48.181 by serving the Florida Secretary of State. [D.E. 14-1]. Rule 4(e) of the Federal Rules of Civil Procedure provides in pertinent part that:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or…(2) doing any of the following:…(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fla. Stat. §48.181 provides in pertinent part:

> (1) The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents

and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

Plaintiff has the burden of sufficiently alleging a basis for personal jurisdiction under Fla. Stat. §48.181, in this case, that Dr. Mahomedy operated, conducted, engaged in, or carried on a business venture in the state or that he had an office or agency in the state. *See Pinero v. Margate*, 825 F.Supp.2d 1264, 1265 (S.D. Fla. 2011)("The burden of pleading facts that support the applicability of substitute service falls on the party seeking to invoke the provisions of the long-arm statute.")(citing *Labee v. Harrington*, 913 So. 2d 679, 682 (Fla. 3d DCA 2005). To meet this burden, the Plaintiff must allege **specific facts** meeting the jurisdictional requirements prescribed by statute to show that the defendant is conducting business in Florida and that the cause of action arose from business activities in Florida, otherwise a motion to quash should be granted. *See Easy Fly S.A.L. v. Aventura Aviation, Inc.*, 2010 U.S. Dist. LEXIS 119091 (S.D. Fla. 2010).

Here, the Plaintiff has vaguely alleged that Dr. Mahomedy is believed to be a non-resident of Florida who provided in whole or in part medical care to Plaintiff, both inside and outside Florida state territorial waters. [D.E. 20 at ¶ 6]. However, this statement is false as Dr. Mahomedy did not provide medical care to Plaintiff inside Florida territorial waters. *See* Exhibit A at ¶ 20. Notwithstanding this statement, the only other factual allegations contained in Plaintiff's Amended Complaint to support the applicability of substitute service are contained in Count V, in which Plaintiff alleges a joint venture exists between RCL and Dr. Mahomedy. However, Plaintiff has failed to acknowledge that the Southern District, including this Honorable Court has consistently held that a joint venture does not exist between a ship owner and the ship's medical staff. *See Barnett*

*v. Carnival Corp.*, 2007 U.S. Dist. LEXIS 37481 (S.D. Fla. 2007); *Hajtman v. NCL (Bahamas) Ltd.*, 2008 U.S. Dist. LEXIS 32601 (S.D. Fla. 2008); *Hesterly v. Royal Caribbean Cruises, Ltd.*, 515 F. Supp. 2d 1278 (S.D. Fla. 2007*); Balachander v. NCL (Bahamas) Ltd.*, 800 F. Supp. 2d 1196 (S.D. Fla. 2011).

Because Plaintiff has failed to allege that Dr. Mahomedy conducted business in Florida, or that her cause of action against Dr. Mahomedy arose out of said business, or allege any facts that would support such a finding, purported service under Fla. Stat. §48.181 should be quashed. *See Newberry v. Rife*, 675 So. 2d 684, 685 (Fla. 2d DCA 1996).

## II.      Service Must be Quashed as Plaintiff Failed to Strictly Comply with the Requirements of Fla. Stat. §§48.181 and 48.161.

Service as to Dr. Mahomedy must be quashed for the additional reason that Plaintiff failed to strictly comply with Fla. Stat. §48.161 which governs the method by which service may be effectuated under Fla. Stat. §48.181.[1]  Fla. Stat. §48.161 provides that:

> When authorized by law, substituted service of process on a nonresident…by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $ 8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. **Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process** or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found…

Fla. Stat. §48.161(1)(emphasis added).  Statutes which govern substituted service of process, such as

---

[1] §48.161 and §48.181 must be read in conjunction with one another. *Atlas Van Lines, Inc. v. Rossmoore*, 271 So. 2d 31 (Fla. 2d DCA 1972) ("§48.181 merely *authorizes* substituted service on nonresidents in certain situations…while §48.161…by its terms sets forth the *method* of substituted service on nonresidents in *all* those situations. Neither section is complete in itself and must, therefore, be read *in pari material* with the other."); *See also City of Jacksonville v. Arrigtor, Inc.*, 2010 U.S. Dist. LEXIS 89406, *3-4 (M.D. Fla. Aug. 4, 2010) ("Section 48.181 sets forth the jurisdictional requirements for substituted service of process…Section 48.161 sets forth the method that must be followed for use of substituted service on nonresidents.")

§48.161 and §48.181, "must be strictly construed and must be strictly complied with," *Hauser v. Schiff*, 341 So. 2d 531 (Fla. 3d DCA 1977), "because such service is an exception to personal service." *Linn v. Kidd*, 714 So. 2d 1185, 1187 (Fla. 1st DCA 1998). In addition, the "burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court…" *Carlini v. State, Dep't of Legal Affairs*, 521 So. 2d 254, 255-256 (Fla. 4th DCA 1988) (citing *Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So. 2d 652 (Fla. 4th DCA 1985); *Baraban v. Sussman*, 439 So. 2d 1046 (Fla. 4th DCA 1983); *Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc.*, 276 So. 2d 505 (Fla. 4th DCA 1973); *Mac Org., Inc. v. Harry Rich Corp.*, 374 So. 2d 81 (Fla. 3d DCA 1979); *Organization, Inc. v. Harry Rich Corp.*, 374 So. 2d 81 (Fla. 3d DCA 1979). In this case, "the statute has three requirements: (1) notice sent [forthwith to the defendant] by registered or certified mail; (2) the defendant's return receipt; and (3) the affidavit of compliance [filed on or before the return day of process]." *Linn*, 714 So. 2d at 1185. Here, the Plaintiff has failed to strictly comply with two of the three requirements and, as such, service must be quashed.

**A.   Plaintiff has not filed Dr. Mahomedy's signed return receipt.**

Fla. Stat. §48.161 requires that the return receipt of notice on the Defendant be filed with the Court. However, Plaintiff has failed to file a return receipt signed by Dr. Mahomedy. As discussed *supra*, the Florida Secretary of State accepted service on behalf of Dr. Mahomedy on December 20, 2011 and Plaintiff sent a copy of the process to Dr. Mahomedy via registered mail on January 5, 2012. Then, on March 6, 2012, two months after Plaintiff attempted to send notice to Dr. Mahomedy via registered mail, Plaintiff filed a return receipt. However, Dr. Mahomedy never received the summons and complaint, nor signed the return receipt. [D.E. 14-2]; Exhibit A at ¶ 22. Florida courts have found failure to file a signed return receipt to be a fatal flaw and have quashed service based on that defect. *See Linn v. Kidd*, 714 So. 2d 1185 (Fla. 1st DCA 1998); *Chapman v. Sheffield*, 750 So. 2d 140, 143 (Fla. 1st DCA 2000)("Section 48.161 provides in material part that the

party making substituted service must file a copy of 'the defendant's' return receipt. A strict interpretation of this statute compels us to conclude that, when service is attempted on a defendant who is a natural person, the receipt must be signed by the defendant"); *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695 (Fla. 4th DCA 2010)("the fact that plaintiff filed an unsigned return receipt was insufficient to comply with § 48.161"); *Logan v. Mora*, 555 So. 2d 1267, 1268 (Fla. 3d DCA 1989), *overruled on other grounds by Babcock v. Whatmore*, 707 So. 2d 702 (Fla. 1998) ("Failure to file a return receipt of registered or certified mail is fatal to valid service of process."); *see also Panamerica Promociones, S.A. v. Hoyos*, 578 So. 2d 67 (Fla. 3d DCA 1991). Accordingly, Plaintiff's failure to file a return receipt signed by Dr. Mahomedy does not comply with Fla. Stat. §48.161 and thus service should be quashed.

**B.    Service must be quashed as the Affidavit of Compliance was not filed on or before the return day of process**

Fla. Stat. §48.161 requires an affidavit of compliance to be filed on or before the return day of service of process. As discussed *supra*, Florida's Secretary of State accepted service on December 20, 2011, and the return date fixed on the summons was twenty-one days after the service thereof, or January 9, 2012. The Plaintiff did not file an affidavit of service until March 6, 2012. Florida courts have quashed service, finding that the filing of an affidavit after the return date does not strictly comply with the statute. *See Cohen v. Aponte*, 24 So. 3d 807 (Fla. 4th DCA 2010) (quashing service of process where plaintiff did not file returns or affidavit of service until after the return date of process); *see also Parish Mortg. Corp.*, 251 So. 2d at 343 (quashing service where, *inter alia*, affidavit was not filed on or before return day of process). As such, service must be quashed.

**III.    Service on RCL as Dr. Mahomedy's Agent Pursuant to Fed. R. Civ. P. 4(e) and/or Fla. Stat. §48.071 is Improper**

As discussed *supra*, Fed. R. Civ. P. 4(e) provides that:

Unless federal law provides otherwise, an individual- other than a minor, an incompetent person, or a person whose waiver has been filed- may be served in a

judicial district of the United Stated by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or…(2) doing any of the following:…(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Florida law provides in pertinent part:

When any natural person or partnership not residing or having a principal place of business in this state **engages in business in this state**, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services. Any process so served is as valid as if served personally on the nonresident person or partnership engaging in business in this state in any action against the person or partnership arising out of such business. A copy of such process with a notice of service on the person in charge of such business shall be sent forthwith to the nonresident person or partnership by registered or certified mail, return receipt requested. An affidavit of compliance with this section shall be filed before the return day or within such further time as the court may allow.

Fla. Stat. §48.071 (emphasis added). Statutes which govern substituted service of process on non-residents, such as §48.071, "must be strictly construed and must be strictly complied with," *Hauser v. Schiff*, 341 So. 2d 531 (Fla. 3d DCA 1977), "because such service is an exception to personal service." *Linn v. Kidd*, 714 So. 2d 1185, 1187 (Fla. 1st DCA 1998); *Lipman v. Zuk*, 244 So. 2d 496 (Fla. 3d DCA 1970)("Non-resident service of process statutes are strictly construed, and the party invoking the statutes has the burden of clearly showing that the situation presented justifies application of the statutes."). In addition, the "burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court..." *Carlini v. State, Dep't of Legal Affairs*, 521 So. 2d 254, 255-256 (Fla. 4th DCA 1988) citing *Sierra Holding, Inc. v. Inn Keepers Supply Co.*, 464 So. 2d 652 (Fla. 4th DCA 1985); *Baraban v. Sussman*, 439 So. 2d 1046 (Fla. 4th DCA 1983); *Youngblood v. Citrus Associates of the New York Cotton Exchange, Inc.*, 276 So. 2d 505 (Fla. 4th DCA 1973); *Mac Org., Inc. v. Harry Rich Corp.*, 374 So. 2d 81 (Fla. 3rd DCA 1979) *Organization, Inc. v. Harry Rich Corp.*, 374 So. 2d 81 (Fla. 3rd DCA 1979). The statute can be broken down into four requirements: (1) process served on an agent of the defendant; (2) in an action against the person

arising out of their business conducted in the State; (3) notice sent forthwith to the defendant by registered or certified mail; and (4) an affidavit of compliance filed on or before the return day of process.  Here, Plaintiff has failed to strictly comply with all four requirements and, as such, service must be quashed.

### A.    RCL is not Dr. Mahomedy's Agent

Under Fla. Sta. §48.071, service may be made on a defendant's agent. Here, Plaintiff attempted service of process on RCL as Dr. Mahomedy's purported agent.  However, this attempted service was improper and ineffective as RCL is not Dr. Mahomedy's agent and Dr. Mahomedy has not authorized RCL or any of its employees to act as his agent for any purpose, including for purposes of accepting service of process.  *See* Exhibit A at ¶ 24.  Florida courts have consistently found that service on a cruise line is ineffective service on an independent third party, including shipboard doctors, and must be quashed.  *See Pacheco v. Royal Caribbean Cruises, Ltd.*, Case No. 08-17576 (Fla. 11th Cir. Ct. Dec. 11, 2008) (granting defendant cruise line's motion to quash service of process as purported agent of nonresident defendant shore excursion operator), attached hereto as Exhibit "B"; *Scarborough v. Royal Caribbean Cruises, Ltd.*, Case No. 08-69223 (Fla. 11th Cir. Ct. Jan. 28, 2009) (granting defendant cruise line's motion to quash service of process as purported agent of nonresident defendant shipboard doctor and shipboard nurse), attached hereto as Exhibit "C"; *Rinker v. Carnival Corp.*, Case No. 09-23154-CIV- SEITZ/O'Sullivan (March 15, 2010) D.E. 31; 32.

### B.    Even if Dr. Mahomedy Conducted Business in the State, Plaintiff's Cause of Action does not Arise out of said Business

The medical treatment rendered by Dr. Mahomedy to Plaintiff occurred while the vessel was near Grand Cayman, which is clearly outside Florida's territorial waters. *See* Exhibit A at ¶¶19, 20. Therefore, even if Dr. Mahomedy conducted business in the State of Florida by virtue of his position as a shipboard doctor, Plaintiff's cause of action did not "arise out of" said business as required under Fla. Stat. §48.071 and service must therefore be quashed.  *See Small v. Chicola*, 929 So.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

2d 1122, 1125 (Fla. 3d DCA 2006); *Elmund v. Mottershead*, 750 So. 2d 736 (Fla. 3d DCA 2000); *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-civ-Gold, 2008 U.S. Dist. LEXIS 13892 (S.D. Fla. Feb. 25, 2008); *Laux v. Carnival Corp.* 470 F. Supp. 2d 1379 (S.D. Fla. 2007).

### C.   Plaintiff Failed to Send Notice of Service to Dr. Mahomedy by Registered or Certified Mail

Fla. Stat. §48.071 requires that a copy of the process with a notice of service on the person in charge of the defendant's business shall be sent <u>forthwith</u> to the defendant by registered or certified mail.  In this case, Plaintiff attempted to serve RCL, as agent of Dr. Mahomedy, on two separate occasions. Initially, Plaintiff issued a summons to RCL's general counsel, Bradley Stein, as agent of Dr. Mahomedy on December 6, 2011. [D.E. 3].  The return date on the summons was twenty-one days thereafter, or December 27, 2011. Despite the statute's requirements, it appears that Plaintiff failed to send a copy of the summons to Dr. Mahomedy. *See* Exhibit A at ¶ 21. On April 3, 2012, Plaintiff again attempted to serve RCL as Dr. Mahomedy's agent[2]. [D.E. 25-3].  The return date on the summons was twenty-one days thereafter, or April 24, 2012. *Id.* Again, it appears that Plaintiff failed to send a copy of the summons to Dr. Mahomedy. Courts have found that where notice is sent after the return date of process, it is not forthwith.  *See, e.g., Parish Mortg. Corp. v. Davis*, 251 So. 2d 342 (Fla. 3d DCA 1971)(quashing service where notice was not sent to defendant until after return date on summons).  Thus, service must be quashed as notice was not sent forthwith, via registered or certified mail, to Dr. Mahomedy.

### D.   An Affidavit of Compliance was never Filed by Plaintiff

Fla. Stat. §48.071 also requires that an affidavit of compliance be filed on or before the return date of process.  However, to date, Plaintiff has failed to file an affidavit of compliance with respect to either service attempt on RCL as Dr. Mahomedy's purported agent.  As such, service must be quashed.  *See Cohen v. Aponte*, 24 So. 3d 807 (Fla. 4th DCA 2010)(quashing service of

---

[2] Such attempted service was refused by RCL's litigation attorney, Randy Ginsberg. [D.E. 25-3].

process where plaintiff did not file the returns or the affidavit of service until fifteen days after the return day of process); *see also Parish Mortg. Corp.*, 251 So. 2d at 343 (quashing service where, *inter alia*, affidavit was not filed on or before return day of process).

### E.      Attempted Service under Fed. R. Civ. P. 4(e)(2)(C) is Invalid

Pursuant to Fed. R. Civ. P. 4(e)(2)(C), service may be effectuated on "an agent authorized by appointment or by law to receive service of process." However, as discussed *supra*, Dr. Mahomedy has not authorized or appointed any RCL agent to accept service on his behalf. *See* Exhibit A at ¶ 24. Furthermore, even if Dr. Mahomedy was considered to be an employee of RCL, which he is not, service is invalid when served upon an individual defendant's place of work or business. *See Martin v. Salvatierra*, 233 F.R.D. 630 (S.D. Fla. 2005); *Lopez v. United States of America*, 129F. Supp. 2d 1284 (D. N.M. 2000); *Martin v. Coca-Cola*, 785 F. Supp. 3 (D. D.C. 1992); *Gerristen v. Escobar*, 721 F. Supp. 253 (C.D. Ca. 1988); *Thompson v. Kerr*, 555 F. Supp. 1090 (S.D. Ohio 1982); *Gipson v. Township of Bass River*, 82 F.R.D. 122 (D. N.J. 1979). Accordingly, any purported service under Rule 4(e) and Fla. Stat. §48.071 is invalid.

## VI.     Even if Process was Properly Served, this Action must be Dismissed for Lack of Personal Jurisdiction

The Amended Complaint, even if accepted as true, does not set out a prima facie case of personal jurisdiction against Dr. Mahomedy. *See e.g. United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)(under Florida's long-arm statute, the plaintiff has the initial burden of "alleging in the complaint sufficient facts to make out a prima facie case of personal jurisdiction."). Courts conduct a two part analysis in determining whether personal jurisdiction exists over an out-of-state defendant.[3] First, the Court must determine whether there is jurisdiction under the state's long arm statute and second, the court must decide if there are sufficient minimum contacts between

---

[3] Federal courts sitting in Florida look to Florida's long-arm statute in order to determine whether personal jurisdiction exists. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

the Defendant and the State of Florida to satisfy traditional notions of fair play and substantial justice. *Hesterly v. Royal Caribbean Cruises, Ltd.*, 2008 U.S. Dist. LEXIS 13892, 15-16 (S.D. Fla. Feb. 25, 2008); *Laux v. Carnival Corp.*, 470 F. Supp. 2d 1379, 1381 (S.D. Fla. 2007). If the first part of the inquiry is not satisfied, the court need not reach the second part. *See Island Sea-Faris, Ltd. v. Haughey*, 13 So. 3d 1076, 1079 (Fla. Dist. Ct. App. 3d Dist. 2008) (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989)).

A.   **This Court Does not have Personal Jurisdiction over Defendant under Florida's Long Arm Statute**

Florida's long-arm statute must be strictly construed, *W.C.T.U. Ry. Co. v. Szilagyi*, 511 So. 2d 727, 728 (Fla. 3d DCA 1987), and "[a]<u>ny doubts about applicability of the [long-arm] statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists</u>." *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1150 (Fla. 3d DCA 2007) (emphasis added). Florida has two distinct long arm statutes, Fla. Stat. §48.181 and Fla. Stat. §48.193.  While Fla. Stat. §48.193 allows a Florida court to exercise personal jurisdiction over a nonresident defendant in number of enumerated circumstances, including where the defendant committed a tortuous act within the state, a court proceeding under Fla. Stat. §48.181 may only assert jurisdiction where the nonresident defendant operates, conducts, engages in, or carries on a business or business venture in the state.

Plaintiff does not specify in her Amended Complaint what statute allegedly supports personal jurisdiction over Dr. Mahomedy, however, as between Fla. Stat. §48.181 and Fla. Stat. §48.193, the allegations in support of personal jurisdiction can only be analyzed under §48.181 because the two statutes "provide different methods for acquiring personal jurisdiction over non-residents. <u>While section 48.181 permits service to be effected on the Secretary of State, section 48.193 contemplates personal service. Since [plaintiff] served [defendant] through the use of substituted service upon the Secretary of State, our review is limited to whether [plaintiff] made the necessary jurisdictional allegations under section 48.181</u>." *Labbee v. Harrington*, 913 So. 2d 679, 682

(Fla. 3d DCA 2005)(emphasis added); *see also Caribe & Panama Investments, S.A. v. Christensen*, 375 So. 2d 601 (Fla. 3d DCA 1979)(finding service defective under 48.193 where the plaintiff failed to personally serve the defendant pursuant to 48.194); *Bradford White Corp. v. Aetna Ins. Co.*, 372 So. 2d 994 (Fla. 3d DCA 1979)("Under Section 48.193(1)(g)(2), Florida Statutes (1977), service on the defendant herein would only have been good, based on such breach of contract, if the said defendant, unlike this case, had been personally served out of the state pursuant to Section 48.194."); *P.S.R. Assoc. v. Artcraft-Heath*, 364 So. 2d 855 (Fla. 2d DCA 1978)("If jurisdiction of a nonresident is asserted under the provisions of 48.193(1)(g) (breach of a contract within this state) the perfection can Only [sic] be accomplished by proceeding with personal service upon such nonresident pursuant to Section 48.194, [requiring personal service].").[4]

In order to assert jurisdiction over a foreign defendant under Fla. Stat. §48.181, it must be shown that the defendant operates, conducts, engages in, or carries on a business or business venture in the state. By its wording, Fla. Stat. §48.181 requires a plaintiff to prove not only that a defendant has engaged in business in the State of Florida, but also that the plaintiff's cause of action <u>arises</u> from the defendant's engagement in that act. This latter requirement is known as "connexity." *See Island Sea-Faris, Ltd. v. Haughey*, 13 So. 3d 1076, 1078 (Fla. 3d DCA 2008).[5]

In *Elmund v. Mottershead*, 750 So. 2d 736 (Fla. 3d DCA 2000), the plaintiff's decedent died while a passenger onboard a cruise ship allegedly as a result of medical malpractice of the shipboard doctor. The doctor, who was named as a defendant, was an English citizen only licensed to practice in the United Kingdom. In affirming the trial court's decision that it did not have personal jurisdiction over the doctor, the court held that "there is no connexity under section §48.193(1)(a)

---

[4] Even if Plaintiff had personally served Dr. Mahomedy, this Court would not have specific or general jurisdiction over Dr. Mahomedy under Fla. Stat. § 48.193. *See, e.g. Rinker v. Carnival Corp.,* No. 09-23154-Civ-Seitz, 2011 U.S. Dist. LEXIS 81354 (S.D. Fla. July 26, 2011).

[5] Because Fla. Stat. § 48.181(1) and Fla. Stat. § 48.193(1)(a) are identical in that they both allow a court to obtain jurisdiction over a nonresident defendant where that defendant engaged in business in the State of Florida, decisions that apply to Fla. Stat. § 48.193(1)(a) apply to Fla. Stat. § 48.181. *Hill v. Lakeland Downtown Dev. Auth.*, 529 So. 2d 316, 317 (Fla. 2d DCA 1988).

between the present claim, which arose during the doctor's discrete, non-Florida activities on the high seas, and whatever he did in Florida." *Id.* at 737.  Likewise, in *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-civ-Gold, 2008 U.S. Dist. LEXIS 13892 (S.D. Fla. Feb. 25, 2008), the court, relying on the Third District Court of Appeal's decision in *Small v. Chicola*, 929 So. 2d 1122, 1125 (Fla. 3d DCA 2006), held that "[s]ince the appellant has failed to establish by sufficient proof the commission of a tort in Florida waters, we need not address the appellant's points regarding whether the doctor's activities constituted doing business in the state under section 48.193, since the connexity requirement, between the doctor's activities and the cause of action has not been met." *Hesterly*, 2008 U.S. Dist. LEXIS 13892 *22.  Indeed, as expressed in *Laux v. Carnival Corp.* 470 F. Supp. 2d 1379 (S.D. Fla. 2007), "Florida case law…is clear: <u>Florida Courts only have personal jurisdiction over a ship's doctor if the alleged malpractice occurred inside Florida's territorial boundaries.</u>" *Id.* at 1382 (emphasis added).   In this case, as in *Elmund*, *Hesterly*, and *Small*, Dr. Mahomedy did not provide medical treatment to Plaintiff within the State of Florida or its territorial waters. *See* Exhibit A at ¶ 20. Instead, Dr. Mahomedy rendered medical care to Plaintiff on December 22, 2010 while the ship was in the waters off the coast of Grand Cayman. *Id.* at 19, 20. Thus, whatever connections Dr. Mahomedy may have had with the State of Florida had no connexity with the discrete acts of alleged negligence that occurred while the vessel was off the coast of Grand Cayman.  As such, this Court does not have personal jurisdiction over Dr. Mahomedy.

Even if the alleged malpractice had occurred in Florida waters, it is clear that Dr. Mahomedy did not conduct business or have an office or agency in the State of Florida such that he should be subjected to this Court's jurisdiction.  "Under Florida law, in order to establish that a defendant was carrying on a business or business venture in the state of Florida for the purposes of personal jurisdiction under [[the] statute, <u>the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit</u>." *Hesterly*, 2008 U.S. Dist.

LEXIS 13892 *22 (emphasis added)(quoting *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F. 3d 1162, 1167 (11th Cir. 2005) (internal quotations omitted)); *see also DeVaney v. Rumsch*, 228 So. 2d 904, 906-07 (Fla. 1969). From the information in Dr. Mahomedy's jurisdictional affidavit, it is clear that his individual activities do not show "a general course of business activity" in Florida. Dr. Mahomedy is a South African citizen, only licensed to practice medicine in South Africa and not licensed to practice in the State of Florida. *See* Exhibit A at ¶ 3, 5. Moreover, he does not have an office or agency in the state of Florida, does not own property in the State of Florida, and does not maintain a telephone number in the State of Florida. *Id.* at ¶ 6, 7, 10. All of the contacts that Dr. Mahomedy has had with the State of Florida, including his bank account, have been incidental to his work onboard RCL's cruise ships or have been personal in nature and have occurred in between voyages. *Id.* at 17. Taken together, this information supports the fact that Dr. Mahomedy has never operated, conducted, engaged in, or carried on a business or business venture in the State of Florida.

Plaintiff also alleges that Dr. Mahomedy is subject to the jurisdiction of this Court pursuant to the indemnity agreement between RCL and Dr. Mahomedy. [D.E. 20 at ¶ 13]. However, this Court has previously held that an indemnity agreement between a ship's physician and a cruise line does not confer personal jurisdiction over the ship's physician in matters brought by a third party. *See Barnett v. Carnival Corp.*, 2007 AMC 1453 (S.D. Fla. 2007)("As the plaintiff in this action is not a signatory to the Independent Contractor Agreement, the plaintiff cannot use the forum selection clause therein to confer personal jurisdiction over [the ship's physician].").

Dr. Mahomedy is and was at the time of the subject incident, an independent contractor, not an employee of RCL. In *Barnett v. Carnival Corp.*, 2007 AMC 1453, 1457-58 (S.D. Fla. 2007), the Court declined to exercise personal jurisdiction where the plaintiff argued, as in this case, that an alleged employee/employer relationship between the shipboard doctor and the cruise line amounted

to the doctor's doing business in the state and allowed the court to exercise personal jurisdiction under Florida's long arm statute.   Specifically, the Court held that,

> In light of the long-standing principle of uniformity in federal maritime law and the Supreme Court of Florida's thorough review and exposition of the existing case law on this question, a joint venture between [the cruise line] and [the shipboard doctor] does not exist. Subsection § 48.193(1)(a) of Florida's long arm statute does not confer personal jurisdiction over [the doctor].

*Id.* (quoting *Carnival Corporation v. Carlisle,* 953 So. 2d 461 (Fla. 2007)).  As in *Barnett*, no employment relationship existed between Dr. Mahomedy and RCL and Florida's long arm statute does not confer personal jurisdiction over Dr. Mahomedy.

Furthermore, even if Dr. Mahomedy was an employee of RCL, as a matter of law this does not amount to engaging in business in the State of Florida.  On this point, *Williams v. Duval County Hosp. Auth.*, 199 So. 2d 299 (Fla. 1st DCA 1967) is instructive.  In *Williams*, the plaintiff attempted to serve the defendant, a doctor who had formerly worked as an employee of Duval Community Hospital Authority and who was not licensed to practice in the State of Florida, by serving the Secretary of State under Fla. Stat. §47.16(1) (former Fla. Stat. §48.181).  In determining whether the doctor's employment at the hospital constituted engaging in business in the state, the court noted that in all the cases it had found in which a defendant was subject to substituted service under Fla. Stat. §48.181, "the act giving rise to the cause of action sued upon arose out of a transaction or occurrence in connection with a commercial business or business venture such as the management of a commercial enterprise, the purchase, management, and sale of property, or the financing of business ventures looking to the acquisition, management, control, and sale of commercial enterprises."  *Id.* at 301.  In finding that the defendant was not engaging in business in the State of Florida, the court held that "we are convinced that it was not the legislative intent that constructive service of process be available in suits against nonresidents of this state whose business activities while in the state consisted of no more than the rendition of personal services to an employer for a

fixed salary." *Id.* at 302.   Other Florida courts have held that employment at a Florida based company is not enough to establish that the individual defendant engaged in business in the State of Florida.  *See Bloom v. A.H. Pond Co., Inc.*, 519 F. Supp. 1162, 1170-71 (S.D. Fla. 1981)(rejecting plaintiff's argument that individual defendant's were subject to service under 48.181 by virtue of their employment and reasoning that if "the law were otherwise, any corporate employee could be forced to defend a suit in the Florida courts, regardless of what the individual did with respect to his employer's business, so long as his employer engaged in business in this state."); *see also Nahyan v. First Investment Corp.*, 700 So. 2d 139 (Fla. 5th DCA 1997); *Doe v. Thompson*, 620 So. 2d 1004 (Fla. 1993)(holding that under corporate shield doctrine, acts of an employee performed in corporate capacity outside of Florida cannot form the basis for personal jurisdiction over the employee individually in Florida); *Kitroser v. Hurt*, 85 So.3d 1084 (Fla. 2012)(same). Similarly here, even if Dr. Mahomedy was an employee of RCL, a Florida corporation, this does not amount to engaging in business in the State of Florida under Fla. Stat. §48.181.

Therefore, because it is clear that Dr. Mahomedy does not and has never engaged in business in the State of Florida and because the alleged act of negligence occurred outside the State of Florida, this Court does not have personal jurisdiction over Dr. Mahomedy under Florida's long arm statute, §48.181.

**B.    The Exercise of Personal Jurisdiction over Dr. Mahomedy would Violate the Due Process Requirements of the Constitution**

Because this Court does not have personal jurisdiction over Dr. Mahomedy under Florida's long arm statute, this Court need not even address whether exercising personal jurisdiction over Dr. Mahomedy would violate the Due Process Clause of the Fourteenth Amendment. Nonetheless, an analysis of the due process requirements clearly establishes that the exercise of personal jurisdiction over Dr. Mahomedy would violate due process.

"Due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Venetian Salami Co. v. Parthenais.*, 554 So. 2d 499, 500 (Fla. 1989)(citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]he test is whether the defendant's conduct in connection with the forum state is "such that he should reasonably anticipate being haled into court there." *Venetian Salami*, 554 So. 2d at 500. Florida federal courts have further broken down the due process requirement into a three-part test: "(1) the contacts must be related to the plaintiff's cause of action or have given rise to it; (2) the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws; and (3) the defendant's contacts within the forum state must be such that it should reasonably anticipate being haled into court there." *Exceptional Urgent Care Ctr.*, 2009 U.S. DIST. Lexis 44787, at *25 (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999)). In determining fair play and substantial justice, courts are to look at the burden on the defendant of defending the suit in Florida, Florida's interest in adjudicating the matter; the efficient use of resources, Plaintiff's interest in obtaining relief, and the interests of the states in furthering substantive policies. *Exceptional Urgent Care Ctr.*, 2009 U.S. DIST. Lexis 44787, at *25-26.

In this case, Dr. Mahomedy's contacts with the State of Florida, which have either been incidental to his work onboard cruise ships or have been personal in nature and occurred between voyages, do not relate to Plaintiff's cause of action which arose near Grand Cayman. In addition, Dr. Mahomedy has not purposefully availed himself of the privileges of conducting activities in the State of Florida as his connections are few and far between and he has conducted little, if any, activities within the State of Florida which could reasonably be interpreted as invoking the benefits and protections of Florida law. This sparse amount of contact also demonstrates that Dr. Mahomedy could not have anticipated being haled into court in Florida. Moreover, Florida has little interest in

adjudicating this matter as it relates to Dr. Mahomedy because the alleged incident occurred near Grand Cayman by a doctor who is a South African citizen and only licensed to practice medicine in South Africa.  In addition, it would be a substantial burden on Dr. Mahomedy to be forced to defend this suit in Florida.  In sum, it would offend traditional notions of fair play and substantial justice to force Dr. Mahomedy to litigate this action in Florida.

## VI.    This Court does not have General Personal Jurisdiction over Dr. Mahomedy

As discussed *supra*, Fla. Stat. §48.193 is inapplicable to the instant action due to the fact that Dr. Mahomedy was not personally served. However, even if the Court is inclined to find that Fla. Stat. §48.193 does in fact apply to the instant matter, the Court does not have general personal jurisdiction over Dr. Mahomedy Florida Statute §48.193(2) provides that a "defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state whether or not the claim arises from that activity." In interpreting Fla. Stat. §48.193(2),

> Florida Courts have held this "substantial and not isolated activity" requirement to mean, and subsume, the "continuous and systematic general business contacts" standard sufficient to satisfy the due process requirement of minimum contacts for general jurisdiction, as set forth by the Supreme Court in *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984), such that "if the defendant's activities meet the requirements of section 48.193(2), minimum contacts is also satisfied." *Woods v. Nova Companies Belize Ltd.*, 193 So. 2d 617, 620 (Fla. 4th DCA 1999).

*Rinker v. Carnival Corp.*, Case No. 09-23154-CIV-SEITZ/Simonton (S.D. Fla. July 27, 2011) *citing United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1275 n.16 (11th Cir. 2009) *See also Dean v. Jones*, 789 So.2d 1072, 1077 (Fla. 1st DCA 2001). "[T]he requirement of continuous and systematic general business contacts establishes a much higher threshold than the minimum contacts required to assert specific jurisdiction, for the facts required to assert this general jurisdiction must be extensive and pervasive." *American Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127-1128 (Fla. 1st DCA 1994). As such, "general jurisdiction requires far more wide-ranging contacts with the forum state

than specific jurisdiction, and it is thus more difficult to establish." *Biloki v. Majestic Greeting Card Co., Inc.*, 33 So. 3d 815 (Fla. 4th DCA 2010).

The court's order in *Rinker v. Carnival Corp.*, Case No. 09-23154-CIV-SEITZ/Simonton (S.D. Fla. July 27, 2011) is particularly instructive. *See Rinker v. Carnival Corp.*, Case No. 09-23154-CIV-SEITZ/Simonton, attached hereto as Exhibit "D." In *Rinker*, the Plaintiff, Sandra Rinker, filed suit against Carnival, a shipboard physician and two shipboard nurses, including nurse Yolanda Dormehl, for damages arising out of medical care and treatment provided to Rinker while she was a passenger onboard a Carnival vessel. Plaintiff alleged that the court had general jurisdiction over Nurse Dormehl based on her "continuous and systematic general business contacts" with Florida. However, the court held that despite the fact that Nurse Dormehl entered into multiple indemnity agreements and service contracts with Carnival, attended multiple cruise ship medical conferences, was onboard ships that docked in Florida ports over 100 times in about 5 years, provided nursing services to 16 patients while aboard a ship docked in Florida, completed 79 hours of continuing medical education in Miami, and received a salary that was processed through Carnival in Miami, Nurse Dormehl's contacts with Florida, even when considered together, were insufficient to establish general jurisdiction over Nurse Dormehl.

In deciding that Nurse Dormehl's contacts with Florida did not meet the requisite requirements to establish general jurisdiction, the *Rinker* court relied on the U.S. Supreme Court's decision in *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984), in which the Court held that a Texas court did not have general jurisdiction over a Colombian company, Helicol. The Supreme Court found that despite the fact that Helicol "sent its chief executive to Texas to negotiate a contract, accepted checks into its New York bank account that were drawn on a Texas Bank, purchased millions of dollars in helicopters and equipment from Texas, sent its pilots to Texas for training and to ferry the purchased helicopters to South America, and sent management and

maintenance personnel to Texas for training and consultation," such contacts did not constitute continuous and systematic general business contacts necessary to establish personal jurisdiction. *Rinker v. Carnival Corp.*, 09-23154-CIV-SEITZ/Simonton (S.D. Fla. July 27, 2011); *see also Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984). As such, the Rinker court held that "if Helicol's contacts with Texas were insufficient, then Dormehl's contacts with Florida are insufficient to establish general jurisdiction over her." *See* Exhibit D.

Like Nurse Dormehl, Dr. Mahomedy's connections with Florida are neither "extensive and pervasive" nor "continuous and systematic." In fact, Plaintiff has failed to allege any facts whatsoever to support the contention that the Court may exercise general jurisdiction over Dr. Mahomedy. As such, the Court may not exercise general jurisdiction over Dr. Mahomedy.

WHEREFORE, Defendant, Yusuf Mahomedy, M.D., respectfully requests this Honorable Court to enter an Order quashing service of process and dismissing Plaintiff's Amended Complaint for lack of personal jurisdiction.

Dated: August 24, 2012
     Miami, Florida

          Respectfully submitted,

          **FOREMAN FRIEDMAN, P.A.**

          BY: /s/ ***Megan B. Landis***
              Darren W. Friedman (FBN. 0146765)
              dfriedman@fflegal.com
              Megan Landis (FBN. 0084408)
              mflandis@fflegal.com
              One Biscayne Tower, Suite 2300
              2 South Biscayne Boulevard
              Miami, FL  33131
              Phone: 305-358-6555
              Fax: 305-374-9077
              *Attorneys for Defendants Dr. Mahomedy &*
              *Dr. Forero*

<u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the

Court via CM/ECF on this 24th day of August, 2012. We also certify that the foregoing was served

on all counsel or parties of record on the attached Service List either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronic Notices of Filing.

By: */s/Megan B. Landis*
MEGAN LANDIS, ESQ.

Carlos Felipe Llinas Negret
cllinas@lipcon.com
Lipcon, Marguiles, Alsina &
Winkleman, P.A
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-373-3016/Fax: 305-373-6204
*Counsel for Plaintiff*

Darren Friedman, Esq.
dfriedman@fflegal.com
Megan Landis, Esq.
mlandis@fflegal.com
Foreman Freidman, P.A.
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel:  305-358-6555/Fax: 305-374-9077
*Attorneys for Defendants Dr. Mahomedy &*
*Dr. Forero*

Amanda Lesley Jacobs
ajacobs@rccl.com
Royal Caribbean Cruises Ltd
1050 Caribbean Way
Miami, FL 33132
Tel: 305-539-4331/Fax: 305-539-8101
*Counsel for Royal Caribbean Cruises, Ltd.*

Jerry Dean Hamilton
jhamilton@hamiltonmillerlaw.com
Carlos Javier Chardon
cchardon@hamiltonmillerlaw.com
Hamilton Miller & Birthisel LLP
150 SE 2nd Avenue, Suite 1200
Miami, FL 33131
Tel: 305-379-3686/Fax: 379-3690
*Counsel for Royal Caribbean Cruises, Ltd.*